### JOHN HARRELL v. THE STATE.

No. 21006. Delivered April 24, 1940.

The opinion states the case.

No attorney for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is for the theft of an automobile over the value of $50.00; penalty assessed at confinement in the penitentiary for five years.

Elmer Howell, the prosecuting witness, testified that he lived at Hermleigh in Scurry County, Texas; that on June 2, 1939, he went to Sweetwater, Texas, and parked his 1936 Model Ford V-8 pickup, License No. 104,545, on the street early in the evening and when he started to go home about ten o'clock, the car was gone. He reported the matter to the city police department. On the following day, the car was recovered in the city of Abilene.

Two State Highway Patrolmen testified that on the night of June 2, 1939, they received information from the Sweetwater Police Department relative to the theft of a certain automobile and were on the lookout for it. About three miles west of Abilene the officers stopped a car which proved to be the one wanted. The appellant was driving it at the time and was accompanied by his companion Homer Collins. Upon being advised by the officers that the car was reported as stolen, neither the appellant nor his companion gave any explanation for their possession of it. They were then arrested by the officers and taken to Abilene and later delivered to the officers from Sweetwater.

The appellant did not testify upon the trial and did not offer any evidence in his behalf. He was not represented by counsel but undertook to conduct his own case.

No bills of exception appear in the record, but with the assistance of counsel, appellant prepared and presented a mo-

tion for new trial, which cannot be considered for the reason that it is not sworn to as required by statute. See Vernon's Ann. Tex. C. C. P., Vol. 3, Art. 756, p. 63, note 11, and cases there cited. Furthermore, the allegations in the motion are controverted by the motion of counsel for the State, and the decision of the trial judge must prevail in the absence of a showing of an abuse of his discretion.

No error having been reflected by the record before us, the judgment is affirmed.